UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHERRIE STEVENS,

    Petitioner,

vs.

N.D.O.C., *et al.*,

    Respondents.

Case No. 2:15-cv-00761-GMN-NJK

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Petitioner has paid the filing fee for this action. (ECF No. 4). As such, the Clerk of Court shall file the petition.

    The Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

    The federal petition contains three grounds alleging ineffective assistance of trial counsel. (ECF No. 1-2). Although petitioner brought a post-conviction habeas petition in the state district court containing the ineffective assistance of counsel claims, it appears that petitioner did not appeal

the denial of her petition to the Nevada Supreme Court.[1]  A federal court will not review a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).  A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  Petitioner will be granted an opportunity to demonstrate when and how she exhausted each ground contained in the federal petition through the appellate level.

Petitioner has filed a motion seeking the appointment of counsel.  (ECF No. 2).  Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case.  Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is within the Court's discretion.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  The petition on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring.  The issues in this case are not complex.  Counsel is not justified in this instance.  The motion for appointment of counsel is denied.

---

[1] Court records of the Eighth Judicial District for the State of Nevada, in Case No. C-13-291745-1, indicate that petitioner did not file a notice of appeal following the state district court's denial of her post-conviction habeas petition, as found at https://www.clarkcountycourts.us (last visited on November 20, 2015).  Moreover, the Nevada Appellate Case Management System does not indicate that petitioner appealed the state district court's denial of her post-conviction habeas petition, as found at http://caseinfo.nvsupremecourt.us (last visited on November 20, 2015).

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE AND ELECTRONICALLY SERVE** the petition (ECF No. 1-2) upon the respondents. The Clerk of Court **SHALL ADD** Attorney General Adam Paul Laxalt to the CM/ECF docket sheet.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of entry of this order, petitioner **SHALL FILE** a memorandum of points and authorities, together with such evidence petitioner may have, that demonstrates that the grounds of the federal petition have been fully exhausted in the Nevada state courts.

**IT IS FURTHER ORDERED** that if petitioner files proof of exhaustion, respondents shall have **thirty (30) days** to file a response to petitioner's proof, including all portions of the state court record that are relevant to the issue of whether the grounds of the federal petition are exhausted.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno** Division of the Clerk of Court.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the grounds of the federal petition have been exhausted in the state courts, the Court will enter an order dismissing the petition.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 2) is **DENIED**.

Dated this \_\_23\_\_ day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court