# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHERRIE STEVENS,

    Petitioner,

vs.

N.D.O.C., *et al.*,

    Respondents.

Case No. 2:15-cv-00761-GMN-NJK

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

    The Court conducted a preliminary review of the federal petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). Because the claims in the petition appeared to be unexhausted, on November 23, 2015, the Court issued an order requiring petitioner to file a response demonstrating that the federal claims were exhausted in the Nevada state courts. (ECF No. 5). On December 22, 2015, petitioner filed a memorandum of points and authorities. (ECF No. 8). The Court notes that petitioner's memorandum does not address the exhaustion of her federal claims, but rather, provides additional factual details in support of her claims. On December 30, 2015, respondents filed a response to petitioner's memorandum, exhibits consisting of the state

court record pertaining to exhaustion, and a motion for leave to file petitioner's presence report under seal. (ECF Nos. 9, 10, 11).

A federal court will not review a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). In the instant case, the federal petition contains three grounds alleging ineffective assistance of trial counsel. Petitioner brought a post-conviction habeas petition in the state district court containing the ineffective assistance of counsel claims, but petitioner did not appeal the denial of her petition to the Nevada Supreme Court. (Exhibits 2, 3).[1] Instead, petitioner filed an original petition with the Nevada Supreme Court. (Exhibit 5). The Nevada Supreme Court declined to exercise original jurisdiction and thus did not address the merits of any claims contained in that petition. (Exhibit 6). A claim is not exhausted if it is presented for the first time in a procedural context in which the merits will not be considered absent extraordinary circumstances. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989). The claims in petitioner's federal petition were not properly exhausted in the Nevada state courts. The federal petition is dismissed without prejudice.

Lastly, respondents seek to file petitioner's presentence investigation report (Exhibit 5A) under seal because it contains confidential information. (ECF No. 11). Respondents have made an adequate showing of compelling reasons to keep petitioner's presentence report sealed. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-89 (9th Cir. 2006). Accordingly, the Court grants respondents' motion to seal the presentence report (Exhibit 5A, at ECF No. 10).

**IT IS THEREFORE ORDERED** that respondents' motion to seal (ECF No. 11) the presentence report is **GRANTED.** The Clerk of Court shall keep the presentence report (Exhibit 5A of ECF No. 10) under seal.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. If and when petitioner properly exhausts her state court remedies, she may file a new habeas petition in a new action.

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 10.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

Dated this ___29___ day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court